IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOHN MORRELL & CO.,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH HALBUR, PETE SIMONS, MARY ANN BORKOWSKI, VERNON BRINCKS, ERIC BRINCKS, VIRGINIA HAGEMANN, GREG HALBUR, MARTIN HALBUR, PAUL HALBUR, JEFF KLOCKE, HOWARD KOSTER, ROBERT OVERMOHLE, FRANK ROSENER, HARRY REIMAN, MARCELLA REIMAN, a/k/a Sally Reiman, JOHN SIMONS, DALE THELEN, CYRIL VENNER, LAVONNE WERNIMONT, LEON WERNIMONT, DON GERKEN AND DOUG GERKEN, INDIVIDUALLY AND d/b/a D&D GERKEN INC., HUBERT HAGEMANN, DICK STARK, DIAMOND ENTERPRISES, INC., HK & K, L.L.C., PROMISE AGE, INC., ROSENER FARMS, INC., SAL INS., INC. and WHEATLAND FARMS, INC.<br><br>    Defendants. | No. C06-3023-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT** |

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A.  Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

  B. *Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**II. LEGAL ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
  A. *Summary Judgment Standards* . . . . . . . . . . . . . . . . . . . . . . . . 4
  B. *Analysis Of Claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**III. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I. INTRODUCTION AND BACKGROUND

### A. *Procedural Background*

On April 20, 2006, plaintiff John Morrell & Co. ("John Morrell") filed its complaint in this case against defendants Joseph Halbur, Pete Simons, Mary Ann Borkowski, Eric Brincks, Vernon Brincks, Virginia Hagemann, Greg Halbur, Martin Halbur, Paul Halbur Jeff Klocke, Howard Koster, Robert Overmohle, Frank Rosener, Harry Reiman, Marcella Reiman, a/k/a Sally Reiman, John Simons, Dale Thelen, Cyril Venner, Lavonne Wernimont, Leon Wernimont, Doug Gerken and Don Gerken, individually and d/b/a D&D Gerken, Inc., Hubert Hagemann, Dick Stark, and Diamond Enterprises, Inc. In its petition, plaintiff John Morrell sets out claims against the named defendants, all are hog producers, for breach of contract, unjust enrichment, and for an accounting to determine the amount of money owed John Morrell by each of the defendants on contracts for the purchase of hogs from the defendants ("ledger contracts").

2

All of the defendants sought dismissal of the complaint, alleging that the breach of contract claims failed to state a valid cause of action for breach of contract against them. Defendants also sought dismissal of the unjust enrichment claims on the ground that those counts failed to state a valid cause of action for unjust enrichment against them. Defendants further sought dismissal of the claim for an accounting on the ground that this claim is derivative of the other claims, and that upon the dismissal of those counts then the claim for an accounting must also fail as a matter of law. The court denied defendants' motion to dismiss in its entirety, finding that plaintiff John Morrell had adequately pleaded facts to state claims for breach of contract, unjust enrichment, and for an accounting. *See John Morrell & Co. v. Halbur*, 476 F.3d 1061, 1079 (N.D. Iowa 2007).

On February 16, 2007, John Morrell filed an amended complaint in order to add HK&K, Inc., Promise Age, Inc., Rosener Farms, Inc., Sals Ins., Inc., and Wheatland Farms, Inc. as named defendants in this matter. Defendants Howard Koster, Harry Reiman, Marcella Reiman, Doug Gerken and Don Gerken, D&D Gerken, Inc. and Dick Stark ("the moving defendants") have now filed a motion for summary judgement on all of the claims found in the amended complaint (#74). The moving defendants assert that none of them owned any of the hogs which were the subject of the ledger contracts. As such, the moving defendants assert that they cannot be liable for any portion of the balance due on the ledger contracts for these hogs and therefore summary judgment should be granted in their favor. Plaintiff John Morrell has filed a timely response to defendants' motion in which it asserts that it has generated genuine issues of material fact with regard to the moving defendants' ownership of the hogs which were the subject of the ledger contracts.

3

### B. *Factual Background*

Plaintiff John Morrell claims that the moving defendants, among others, are liable for deficits that accrued on ledger accounts established with it for the purchase of hogs. The only factual issue addressed by the moving defendants' Statement of Undisputed Material Facts concerns the ownership of the hogs which were the subject of the ledger contracts. In support of their motion for summary judgment, each of the moving defendants has submitted an affidavit in which they make the following identical averment: "I did not own hogs that were purchased by Plaintiff pursuant to the 'Morrell Ledger Contracts' as alleged in the Complaint." The Moving Defendants' Appendix at 29, 34, 39, 45, 51, and 62.[1] Plaintiff John Morrell contests each of these declarations, contending that discovery responses generate genuine issues of material fact regarding the moving defendants' ownership of hogs sold to John Morrell.

## II. LEGAL ANALYSIS

### A. *Summary Judgment Standards*

Rule 56 of the Federal Rules of Civil Procedure provides that a defending party may move, at any time, for summary judgment in that party's favor "as to all or any part" of the claims against that party. FED. R. CIV. P. 56(b). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

[1] The court notes that moving defendant D&D Gerken, Inc.'s affidavit was submitted by Doug Gerken in his capacity as President of that entity. In that capacity, he avers: "D & D Gerken, Inc. did not own hogs that were purchased by Plaintiff pursuant to the 'Morrell Ledger Contracts' as alleged in the Complaint." The Moving Defendants' Appendix at 53.

4

material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(b). As this court has explained on a number of occasions, applying the standards of Rule 56, the judge's function at the summary judgment stage of the proceedings is not to weigh the evidence and determine the truth of the matter, but to determine whether there are genuine issues for trial. *Bunda v. Potter*, 369 F. Supp. 2d 1039, 1046 (N.D. Iowa 2005); *Steck v. Francis*, 365 F. Supp. 2d 951, 959-60 (N.D. Iowa 2005); *Lorenzen v. GKN Armstrong Wheels, Inc.*, 345 F. Supp. 2d 977, 984 (N.D. Iowa 2004); *Nelson v. Long Lines Ltd.*, 335 F. Supp. 2d 944, 954 (N.D. Iowa 2004); *Soto v. John Morrell & Co.*, 315 F. Supp. 2d 981, 988 (N.D. Iowa 2004); *see also Quick v. Donaldson Co.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996); *Johnson v. Enron Corp.*, 906 F.2d 1234, 1237 (8th Cir. 1990). In reviewing the record, the court must view all the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences that can be drawn from the facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Quick*, 90 F.3d at 1377. Furthermore, "where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Aucutt v. Six Flags Over Mid-America, Inc.*, 85 F.3d 1311, 1315 (8th Cir. 1996) (quoting *Crain v. Bd. of Police Comm'rs*, 920 F.2d 1402, 1405-06 (8th Cir. 1990)).

Procedurally, the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Rose-Maston v. NME Hosps., Inc.*, 133 F.3d 1104, 1107 (8th Cir. 1998); *Reed v. Woodruff County, Ark.*, 7 F.3d 808, 810 (8th Cir. 1993). When a moving party has carried its burden under Rule 56(c), the party opposing summary judgment is required under Rule 56(e) to go beyond the

5

pleadings, and by affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324; *Rabushka ex. rel. United States v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997); *McLaughlin v. Esselte Pendaflex Corp.*, 50 F.3d 507, 511 (8th Cir. 1995); *Beyerbach v. Sears*, 49 F.3d 1324, 1325 (8th Cir. 1995). An issue of material fact is "genuine" if it has a real basis in the record. *Hartnagel*, 953 F.2d at 394 (citing *Matsushita Elec. Indus.*, 475 U.S. at 586-87). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment," i.e., are "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Beyerbach*, 49 F.3d at 1326; *Hartnagel*, 953 F.2d at 394. If a party fails to make a sufficient showing of an essential element of a claim with respect to which that party has the burden of proof, then the opposing party is "entitled to a judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 113 F.3d 1484, 1492 (8th Cir. 1997). Ultimately, the necessary proof that the nonmoving party must produce is not precisely measurable, but the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994). Consequently, with these standards in mind, the court turns to consideration of the parties' arguments for and against summary judgment in this case.

### *B. Analysis Of Claims*

As noted above, John Morrell has alleged claims for breach of contract and unjust enrichment against each of the moving defendants. Under South Dakota law, a breach of contract claim has three elements: "'1. An enforceable promise; 2. A breach of the

6

promise; 3. Resulting damages.'"[2] *Weitzel v. Sioux Valley Heart Partners*, 714 N.W.2d 884, 894 (S.D. 2006) (quoting *Guthmiller v. Deloitte & Touche, L.L.P.*, 699 N.W.2d 493, 498 (S.D. 2005)); *accord McKie v. Huntley*, 620 N.W.2d 599, 17 (S. D. 2000). A contract can be either express or implied. S.D. CODIFIED LAWS § 53-1-3. "An express contract is one, the terms of which are stated in words. An implied contract is one, the existence and terms of which are manifested by conduct." *Id*. The South Dakota Supreme Court has defined a breach of contract as:

> "[a] violation of a contractual obligation, either by failing to perform one's own promise or by interfering with another party's performance." Black's Law Dictionary 182 (7th ed 1999). "A breach may be one by non-performance, or by repudiation, or by both." *Id.* (quoting Restatement (Second) of Contracts § 236 cmt. a (1981)). "A breach of contract caused by a party's anticipatory repudiation, i.e., unequivocally indicating that the party will not perform when performance is due[,]" allows the nonbreaching party to treat the repudiation as an immediate breach of contract and sue for damages. *Id*. This type of breach is known either as an anticipatory breach or constructive breach. *Id*.

*Weitzel*, 714 N.W.2d at 894.

With respect to the third element, damages, in an action for breach of contract, "the plaintiff is entitled to recover all his detriment proximately caused by the breach, not exceeding the amount he would have gained by full performance." *Regan v. Moyle*

---

[2] The court previously determined that the claims involved in this case are governed by South Dakota law. *See John Morrell & Co. v. Halbur*, 476 F.3d 1061, 1079 (N.D. Iowa 2007). The parties have neither directed the court's attention to any new authorities which would give the court reason to reconsider its decision on that issue nor have the parties requested that the court revisit it here.

7

*Petroleum*, 344 N.W.2d 695, 696 (S.D. 1984) (citing *Big Band, Inc. v. Williams*, 87 S.D. 24, 202 N.W.2d 121 (1972)).

With respect to John Morrell's unjust enrichment claim, under South Dakota law, "[u]njust enrichment occurs 'when one confers a benefit upon another who accepts or acquiesces in that benefit, making it inequitable to retain that benefit without paying.'" *Hofedt v. Mehling*, 658 N.W.2d 783, 788 (S.D. 2003) (quoting *Parker v. Western Dakota Insurors, Inc.*, 605 N.W.2d 181, 192 (S.D. 2000)); *accord Miller v. Jacobsen*, 714 N.W.2d 69, 81 (S.D. 2006); *Juttelstad v. Juttelstad*, 587 N.W.2d 447, 451 (S.D. 1998); *see Sporleder v. Van Liere*, 569 N.W.2d 8, 12 (S.D. 1997); *Randall Stanley Architects, Inc. v. All Saints Community Corp.*, 1996 SD 138, ¶ 20, 555 N.W.2d 802, 805 (S.D. 1996). When a claim of unjust enrichment is established, "the law implies a contract obligating the beneficiary to compensate the benefactor for the value of the benefit conferred." *Hofedt*, 658 N.W.2d at 788; *accord Mack v. Mack*, 613 N.W.2d 64, 69 (S.D. 2000). In order to establish unjust enrichment, three elements must be proven: (1) a benefit was received; (2) the recipient was cognizant of that benefit; and (3) the retention of the benefit without reimbursement would unjustly enrich the recipient. *Hofedt*, 658 N.W.2d at 788; *Action Mechanical, Inc. v. Deadwood Historic Preservation Comm'n*, 652 N.W.2d 742, 750 (S.D. 2002); *Mack*, 613 N.W.2d at 69; *Parker*, 605 N.W.2d at 192; *Juttelstad*, 587 N.W.2d at 451; *Bollinger v. Eldredge*, 524 N.W.2d 118, 122-23 (S.D. 1994).

The moving defendants have not explained which element of the breach of contract claim or the unjust enrichment claim is controlled by the issue of the ownership of the hogs that were sold to John Morrell pursuant to the ledger contracts at the center of this litigation. As explained above, the party moving for summary judgment bears "the initial responsibility of informing the district court of the basis for its motion and identifying those

8

portions of the record which show lack of a genuine issue." *Hartnagel*, 953 F.2d at 395 (citing *Celotex Corp.*, 477 U.S. at 323); *see also Heisler v. Metropolitan Council*, 339 F.3d 622, 631 (8th Cir. 2003); *Rose-Maston v. NME Hospitals, Inc.*, 133 F.3d 1104, 1107 (8th Cir. 1998); *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997); *Reed v. Woodruff County, Ark.*, 7 F.3d 808, 810 (8th Cir. 1993). The moving defendants have plainly not met this burden with respect to John Morrell's breach of contract and unjust enrichment claims, where they made no attempt to identify the precise basis for their contention that they are entitled to summary judgment on those claims. The moving defendants should not be saved from this failure by the court's attempt to determine what arguments were intended to support their motion for summary judgment on these claims. Accordingly, the moving defendants' motion for summary judgment is denied.

Moreover, the premise underlying the moving defendants' motion for summary judgment, that only the owners of the hogs that were the subject of the ledger contracts can be held liable, cannot be substantiated on this record because John Morrell has generated genuine issues of material fact with regard to the ownership of the hogs. For example, although defendant Howard Koster avers in his affidavits that he was not the owner of any of the hogs sold to John Morrell pursuant to the ledger contracts, John Morrell has directed the court's attention to discovery responses which generate genuine issues of material fact with respect to the ownership of the hogs sold to John Morrell. For instance, in response to an interrogatory from John Morrell which requested, inter alia, that Howard Koster disclose "the number of hogs you owned that you delivered to Morrell in each of those years . . .", defendant Koster answered in relevant part: "In general I do not dispute the percentages of ownership shown on the last spreadsheet attached to the Complaint with Exhibit 17." Defendant Koster's Interrog. Answers ¶ 11, John Morrell App. at 9. The spreadsheet alluded to in Koster's answer identifies Koster as one of the owners of hogs

9

sold to John Morrell pursuant to the ledger contracts. Amended Complaint, Ex. 17 at 2. The court notes that defendant Koster's personal tax returns show that he personally sold over $1.25 million in hogs during the period of 1998 through 2002. In reply, Koster avers in an affidavit that his answer to interrogatory 11 was meant to refer to hogs owned by an Iowa Limited Liability Company, HK & K, L.L.C., of which he is a manager. Koster Aff. at ¶ 9, Defendant Koster's App. To Reply Br. at 5. Although such an explanation is eminently plausible, the court is required to view all the facts in the light most favorable to John Morrell, as the nonmoving party, and give John Morrell the benefit of all reasonable inferences that can be drawn from the facts. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Walnut Grove Partners, L.P. v. American Family Mut. Ins. Co.*, 479 F.3d 949, 951-52 (8th Cir. 2007); *Surgical Synergies, Inc. v. Genesee Assocs., Inc.*, 432 F.3d 870, 873 (8th Cir. 2005); *Forest Park II v. Hadley*, 408 F.3d 1052, 1057 (8th Cir. 2005); *Heisler v. Metropolitan Council*, 339 F.3d 622, 627 (8th Cir. 2003); *Shelter Ins. Cos. v. Hildeth*, 255 F.3d 921, 924 (8th Cir. 2001); *Hunter v. Namanny*, 219 F.3d 825, 831 (8th Cir. 2000); *Jurrens v. Hartford Life Ins. Co.*, 190 F.3d 919, 922 (8th Cir. 1999); *Quick*, 90 F.3d at 1377. In conducting such a review, the court "must not engage in a weighing or evaluation of the evidence or consider questions of credibility.'" *Smith v. World Ins. Co.*, 38 F.3d 1456, 1460 (8th Cir. 1994) (quoting *White v. Pence*, 961 F.2d 776, 779 (8th Cir. 1992)). Applying such a standard here, and given the paucity of the summary judgment record before the court, the court is compelled to conclude that genuine issues of material fact have been generated concerning the moving defendants' ownership interest in

10

the hogs sold to John Morrell pursuant to the ledger contracts.[3] Accordingly, the moving defendants' motion for summary judgment is alternatively denied on this ground.

### III. CONCLUSION

For the reasons discussed above, the moving defendants' motion for summary judgement is **denied**.

**IT IS SO ORDERED.**

**DATED** this 11th day of October, 2007.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[3] The court notes that John Morrell indicates in its brief that the while the parties have engaged in some written discovery, no depositions in this case have taken place.

11